# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE (GREENEVILLE)

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JACK ROBERT THACKER, JR., ) | Case No. 2:25-bk-50237-RRM |
| ) | Chapter 11 |
| Debtor. ) | |

## MOTION OF DON LAIR AND MARLA LAIR FOR RELIEF FROM AUTOMATIC STAY AND ADEQUATE PROTECTION

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**Notice is hereby given that:**

**A hearing will be held on the Motion of Don Lair and Marla Lair for Relief from Automatic Stay and Adequate Protection on April 29, 2025 at 2:30 p.m. at 220 West Depot Street, Suite 218, Greenville, TN 37743.**

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the Motion for Relief from Automatic Stay and Adequate Protection and may enter an order granting that relief.**

COMES **DON LAIR** and **MARLA LAIR** (hereinafter "Movants") by and through their attorneys, pursuant to Federal Rules of Bankruptcy Procedure 4001 and 9014, E.D. LBR 4001-1(a) and 9013-1, and 11 U.S.C. § 362, and says as follows:

1. This Court has jurisdiction and authority to determine this matter pursuant to the aforesaid rules and statutes.

2. On or about December 26, 2022, Movants filed a Financial Industry Regulatory

Authority ("FINRA") Arbitration Statement of Claim against Center Street Securities, Inc., which was later amended to include Debtor, Micah Harding Rayner, Thomas Lisk, Jason Lamb, Billy James Aycock, Anthony Michael Romano, and Jeffrey T. Kennedy (collectively with Debtor, "FINRA Respondents").

3. Movants allege the FINRA Respondents mishandled Movants' assets by failing to properly allocate and diversify Movants' investment portfolio. See attached Amended Statement of Claim as **Exhibit A**, asserting causes of action for securities fraud, breach of fiduciary duty, violation of FINRA/NYSE Rules, breach of contract and negligence, negligent supervision, fraudulent inducement to hold investment, and aiding and abetting breach of fiduciary duty.

4. On or about March 4, 2025, closing arguments were heard and the final hearing concluded on Movants' claims against Debtor and Center Street Securities, Inc.

5. On or about March 6, 2025 (hereinafter "Petition Date"), before a final decision was published by FINRA Dispute Resolution Services on Movants' claims against Debtor, Debtor filed a voluntary Chapter 11, Subchapter V petition with this Court.

6. Due to the imposition of the automatic stay occasioned by the Debtor's voluntary petition for bankruptcy relief, FINRA Dispute Resolution Services has suspended release of its determination and final award.

7.. Movants seek relief from the automatic stay pursuant to 11 U.S.C. § 362 to allow FINRA Dispute Resolution Services to render a final award and to pursue confirmation of said final award pursuant to the Federal Arbitration Act 9 U.S.C. § 9, which is necessary to determine the liquidated amount of Movants' allowed claim against Debtor's estate.

8. Movants allege and aver that both the stay of any act against any property of the estate and the stay of any other act against the Debtor imposed by 11 U.S.C. § 362(a) should be

modified, or terminated FOR CAUSE, including the lack of adequate protection of an interest of the Movants pursuant to 11 U.S.C. § 361 due to the fact that the Movants have expended significant time, money, and preparation to proceed with the FINRA Arbitration Proceedings and which, on information and belief, the parties may expect a final award to determine the rights, claims, and interest pertaining to Movants' claims that have been fully arbitrated and that should be relevant and binding in this bankruptcy proceeding under applicable law for the determination of Movant's liquidated claim. **The request by Movants for Adequate Protection of their interests under 11 U.S.C. § 361 is intended only to obtain stay relief to proceed with the pending FINRA Arbitration Proceedings and later proceedings seeking confirmation of such award, but not any collection or enforcement action against the Debtor outside of the pending bankruptcy case.**

9. Typically, the decision whether or not to lift the automatic stay resides within the sound discretion of the Bankruptcy Court. *See* Laguna Assocs. Ltd. Partnership v. Aetna Cas. & Sur. Co., 30 F.3d 734, 737 (6th Cir. 1994). The Bankruptcy Code provides that the Bankruptcy Court may grant relief from the automatic stay FOR CAUSE pursuant to 11 U.S.C. § 362(d)(1).

10. With respect to arbitration proceedings, however, courts are bound to honor and enforce arbitration agreements. *See* Javitch v. First Union Sec., Inc., 315 F.3d 619, 624 (6th Cir. 2003) ("the FAA 'is at bottom a policy guaranteeing the enforcement of private contractual arrangements'"); In re Beckemeyer, 206 B.R. 466, 468 (Bankr. W.D. Tenn. 1997) ("this court is bound by the Arbitration Act, which requires this court to abide by the executed arbitration agreement"). Courts in this district have regularly allowed arbitrations to proceed despite the existence of bankruptcy proceedings involving the debtor. *See, e.g.,* Goldstein v. PAS-COY, LLC, No. 3:15-CV-488-TAV-HBG, 2016 U.S. Dist. LEXIS 61059, *4 (Bankr. E.D. Tenn. April 13,

2016) ("The movant correctly argues that courts in this district have applied the Federal Arbitration Act to stay judicial proceedings and compel arbitration under circumstances similar to those present in this case."); In re Great Spa Mfg. Co., Inc., No. 08-52293, 2009 Bankr. LEXIS 5568, 2009 WL 1457740, at *1 (Bankr. E.D. Tenn. May 22, 2009) (compelling arbitration); and In re No Place Like Home, Inc., 559 B.R. 863 (Bankr. W.D. Tenn. Oct. 27, 2016).

11. Movants respectfully contend and request that this Honorable Court modify or annul the automatic stay as requested herein based on a variety of factors, including judicial economy, substantial completion of the FINRA Arbitration Proceedings, and the impact of duplicative costs and burdens on both the litigants and the bankruptcy estate. The Movants reserve the right to file a supporting brief or other authorities to support its position as may be permitted by this Court.

**WHEREFORE,** Movants jointly and severally pray that they be granted relief from the automatic stay FOR CAUSE pursuant to 11 U.S.C. § 362(d)(1) to allow the Movants to (1) proceed with the FINRA Arbitration Proceedings involving the Debtor and any other parties thereto and to allow Movants to finalize any final award to be issued by the arbitration panel and later confirmation proceedings of such final award, but not enforcement of any final award pending further Orders of this Court; (2) to provide said Stay Relief to be immediately enforceable upon entry pursuant to FRBP 4001(a)(4); and, (3) for such other and further relief as to which the Movants may be entitled, including adequate protection of Movants' respective rights and interest pursuant to 11 U.S.C. § 361 to protect their Arbitration and other contract rights, all such rights of Movants being reserved as stated herein.

This the 2nd day of April, 2025.

**DON LAIR and MARLA LAIR**

By: /s/ Anthony R. Steele
Walter N. Winchester, BPR #014530
Anthony R. Steele, BPR #016303
Attorneys for Don Lair and Marla Lair
Winchester, Sellers, Foster & Steele, P.C.
P.O. Box 2428
Knoxville, TN  37901-2428
Phone: (865) 637-1980
Email: wwinchester@wsfs-law.com
Email: asteele@wsfs-law.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and accurate copy of the foregoing Motion for Relief, Exhibits and Proposed Order has been sent electronically to:

Tiffany Diiorio, Tiffany.Diiorio@usdoj.gov, Trustee;
Maurice K. Guinn, mkg@tennlaw.com, Attorney for Debtor;
M. Aaron Spencer, aspencer@wmbac.com, Trustee;

and by United States mail to the Debtor, Jack Robert Thacker, Jr., 2261 Bullock Hollow Road, Bristol, TN  37620, with sufficient postage thereupon to carry same to its destination, this the 2nd day of April, 2025.

Winchester, Sellers, Foster & Steele, P.C.

By: /s/ Anthony R. Steele
Anthony R. Steele, Attorney