# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

|  |  |
|---|---|
| **TERRY VAUGHN and**<br>**SHARON VAUGHN,**<br><br>    **Petitioner,**<br><br>**v.**<br><br>**CENTER STREET SECURITIES, INC., JACK**<br>**R. THACKER, and JEFFREY T. KENNEDY,**<br><br>    **Respondents.** | **Case No.** |

## PETITION TO CONFIRM ARBITRATION AWARD

1.      Petitioners bring this action pursuant to the Federal Arbitration Act (FAA) 9 U.S.C. § 9, to confirm the arbitration award entered on January 8, 2025 and served on January 9, 2025 in an arbitration between Petitioners and Respondents regarding securities fraud claims against the Respondents for violating investment-related statutes and regulations, administered by the Financial Industry Regulatory Authority (FINRA), and entry of judgement thereon pursuant to 9 U.S.C. § 13. The arbitrators in the FINRA arbitration proceeding below unanimously found in Petitioners favor on their securities fraud claims against Respondents Center Street Securities, Inc., Jack R. Thacker, and Jeffrey T. Kennedy entering an award of $1,736,370.14 plus interest. This Court should confirm the award and enter a judgement thereon.

## PARTIES, JURISDICTION, AND VENUE

2.  Terry and Sharon Vaughn are residents of Quincy, Illinois. They are a retired couple who were victim of securities and investment fraud at the hands of Respondents Center Street Securities, Jack Thacker, and Jeffrey Kennedy.

3.  Center Street Securities Inc. ("Center Street") is a corporation formed in Louisiana with its principal place of business in Nashville, Tennessee. Center Street operated in a coordinated effort to defraud customers all around the United States, led by its owner and President Jack Thacker. Center Street was repeatedly sanctioned by FINRA prior to Center Street's FINRA membership formally terminating last year.

4.  Jack R. Thacker was at all times during the relevant misconduct underlying the arbitration proceeding, a resident of Tennessee who operated Center Street Securities which interacted with Petitioners from Tennessee primarily.

5.  Jeffrey T. Kennedy is a resident of Texas, though he also resided in Illinois during part of the time period underlying the securities fraud misconduct at issue in this case.

6.  This Court has jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states.

7.  After Petitioners initially instituted the arbitration proceeding against Center Street Securities, Inc., Center Street and its respective holding companies attempted to begin closing their doors in an effort to defraud creditors like Petitioners by using money procured from Petitioners due to the fraud

perpetrated on them and other customers (including the hefty commissions and fees).

8.    This Court is a proper venue for this proceeding pursuant to the FAA, 9 U.S.C. § 9, because the award was issued in St. Louis, Missouri and because the parties agreed that "a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment" as set forth in the Financial Industry Regulatory Authority ("FINRA") Arbitration Submission Agreement.

9.    The parties submitted their dispute under the Agreement to arbitration before a FINRA Panel, which arbitration was conducted pursuant to the FINRA Code of Arbitration for Customer Disputes and the provisions of the FAA. Petitioners' securities fraud claims centered on securities fraud under the state and federal securities laws, regulations, and statutes, misrepresentations, breach of fiduciary duty and investment recommendations and other misconduct of the Respondents which resulted in substantial losses to Petitioners life savings and retirement savings.

10.    After twelve arbitration hearing sessions over half a dozen days, during which numerous witnesses testified, including Terry Vaughn, Jeffrey Kennedy, Jack Thacker, Thomas Lisk (the former Vice-Preident of Center Street Securities), and an esteemed securities fraud expert Sander Ressler, the introduction of thousands of pages of exhibits, at least three separate pre-hearing conferences, the submission of pleadings, briefs and materials, the Panel decided in full and final

resolution of the issues submitted for determination after the parties were
granted a full and complete opportunity to be heard.

11.    The Arbitration Award unanimously granted Petitioners securities fraud claims in
the total amount of $1,736,370.14, plus interest running from January 8, 2025
forward. *See* Exhibit A.

12.    This Court should confirm the Arbitration Award served on January 9, 2025, and
enter judgment in favor of Petitioners and against Respondents pursuant to 9
U.S.C. § 9.

## **ARGUMENT & LEGAL AUTHORITY**

13.    It is well-recognized that any judicial review of arbitration awards must be
extremely limited. "[J]udicial review of the merits of an arbitrator's award is
conducted under an ***extremely deferential*** standard of review." *Brown v. Brown-
Thill*, 762 F.3d 814, 818 (8th Cir. 2014) (emphasis added); *AIG Baker Sterling
Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th Cir. 2007)
("[J]udicial review of arbitration decisions is among the narrowest known to the
law.")

14.    As the United States Supreme Court declared: "On application for an order
confirming the arbitration award, the court "must grant" the order "unless the
award is vacated, modified, or corrected as prescribed in sections 10 and 11 of
this title." There is nothing malleable about "must grant," which unequivocally
tells courts to grant confirmation in all cases, except when one of the "prescribed"
exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587, 128 S.
Ct. 1396, 1405 (2008)

15. "Courts have no authority to reconsider the merits of an arbitration award, even when the parties allege that the award rests on factual errors or on a misinterpretation of the underlying contract." *Med. Shoppe Int'l, Inc. v. Turner Invs., Inc.*, 614 F.3d 485, 488 (8th Cir. 2010) ("The bottom line is we will confirm the arbitrator's award even if we are convinced that the arbitrator committed serious error, so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority.") (quotations and citations omitted).

16. "Because arbitration awards are favored, a party seeking to vacate on this ground has "a high burden of demonstrating objective facts inconsistent with impartiality." *Brown*, 762 F.3d at 820 (citations omitted).

17. The "district court need not conduct a full hearing on a motion to vacate or confirm; such motions may be decided on the papers without oral testimony. Most importantly, the Federal Arbitration Act expresses a **presumption that arbitration awards will be confirmed**. Section 9 of the Act provides that if the parties have agreed to judicial confirmation of the award, then 'the ***court must grant such an order*** [confirming the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 932-33 (11th Cir. 1990) (citations omitted, italics and brackets in original, bold emphasis added).

18. Under the FAA, 9 U.S.C. § 9, confirmation of the award on the Motion of a party is the presumption. Specifically, "after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and

thereupon the court **must** grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." (emphasis added).

19.   There is "**a heavy presumption**" in favor of confirming arbitration awards, and "**confirmation of an arbitration award is usually routine or summary**." *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842–43 (11th Cir. 2011) (emphasis added) (also noting that district court review of arbitration awards is "circumscribed, as arbitrators 'do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party.'").

20.   Section 9 of the FAA provides that at any time within one year after the arbitration award is made, any party to the arbitration may apply to the court for an order confirming the award. Section 9 further provides that the court must enter an order confirming the arbitration award unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11 of the Federal Arbitration Act. This Petition to Confirm is timely brought within one year of the date that the FINRA Arbitration Award was issued. The Arbitration Award has not been vacated or modified.

21.   Even if the Respondents did move to vacate or modify the award, "The party seeking vacatur has the burden to overcome the strong presumption ... that the arbitration award should    stand...    Although    [the    losing    parties] fervently maintain that the arbitrator's decision was wrong, this is no reason to vacate the award." *V5 Invs., LLC v. GoWaiter Bus. Holdings, LLC*, 210 F. Supp. 3d 1329, 1332 (M.D. Fla. 2016) (quotations and citations omitted).

22.   "The fact that Plaintiffs submitted their claims to the arbitrator and the arbitrator considered and resolved these claims at arbitration is enough to preclude vacatur." *V5 Investments, LLC,* 210 F. Supp. 3d 1333.

23.   Here, the arbitration award has not been vacated, modified, or corrected, and there are no bases for vacating, modifying, or correcting the award. Thus, the unanimous Arbitration Award is clear and unambiguous and should be confirmed.

**PRAYER FOR RELIEF**

24.    **WHEREFORE,** Petitioners respectfully request that the Court enter an Order confirming the Arbitration Award in the matter and directing the entry of final judgment in favor of Petitioners and against Respondents jointly and severally for damages due to Respondents' securities fraud and violations of the securities rules and regulations as specified in the Arbitration Award for a total amount of $1,736,370.14 plus interest as follows:

   a. Against Respondents Center Street Securities, Inc., Jeffrey T. Kennedy, and Jack R. Thacker jointly and severally $528,570.14 in compensatory damages to Petitioners Terry and Sharon Vaughn.
   b. Against Respondents Center Street Securities, Inc., Jeffrey T. Kennedy, and Jack R. Thacker jointly and severally to pay Petitioners interest at the rate of 9% per annum on the amount of $528,570.14 from January 8, 2025 until the award is paid in full to Petitioners Terry and Sharon Vaughn.
   c. Against Respondents Center Street Securities, Inc. and Jack R. Thacker jointly and severally punitive damages in the amount of $1,000,000.00 to Petitioners Terry and Sharon Vaughn.
   d. Against Respondent Jeffrey T. Kennedy, punitive damages in the amount of $200,000.00 to Petitioners Terry and Sharon Vaughn.
   e. Against Respondents Center Street Securities, Inc., Jeffrey T. Kennedy, and Jack R. Thacker jointly and severally the amount of $7,500.00 and $300.00 respectively to Petitioners Terry and Sharon Vaughn representing costs and filing fees.

    f.   Such other and further relief as the Court may deem just, fair, and equitable, including such other costs and fees related to this action as may be contemplated by and recoverable under the Rules of Civil Procedure.

Dated: January 17, 2025.

Respectfully submitted,

/s/ *Sarah Shoemake Doles*
Sarah Shoemake Doles
LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: (850) 495-5010
sdoles@levinlaw.com
***Attorney for Petitioners***

# EXHIBIT A

**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

<u>Claimants</u>
Terry and Sharon Vaughn

     vs.

<u>Respondents</u>
Center Street Securities, Inc.,
Jack Robert Thacker, Jr.,
Micah Harding Rayner,
Thomas Lisk,
Jason Lamb,
Billy James Aycock,
Michael Anthony Romano, and
Jeffrey T. Kennedy

<u>Case Number</u>: 22-01937

<u>Hearing Site</u>: St. Louis, Missouri

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Customers vs. Member and Associated Persons

This case was decided by an all-public panel.

The evidentiary hearing was conducted by videoconference.

## <u>REPRESENTATION OF PARTIES</u>

For Claimants Terry and Sharon Vaughn ("Claimants"): Michael C. Bixby, Esq., Bixby Law PLLC, Pensacola, Florida.

Respondent Center Street Securities, Inc. ("Center Street") was represented by counsel until April 10, 2024, on which date, Center Street's counsel filed a Notice of Withdrawal.

For Respondents Micah Harding Rayner ("Rayner"), Jason Lamb ("Lamb"), and Michael Anthony Romano ("Romano"): James L. Kopecky, Esq., Kopecky Schumacher Rosenburg LLC, Chicago, Illinois.

Respondent Jack Robert Thacker, Jr. ("Thacker") was represented by counsel until December 5, 2024. Thereafter, Thacker appeared pro se.

Respondent Thomas Lisk ("Lisk") was represented by counsel until December 5, 2024. Thereafter, Lisk appeared pro se.

Respondent Billy James Aycock ("Aycock") was represented by counsel until December 5, 2024. Thereafter, Aycock appeared pro se.

Respondent Jeffrey T. Kennedy ("Kennedy") was represented by counsel until December 6, 2024. Thereafter, Kennedy appeared pro se.

Center Street, Rayner, Lamb, Romano, Thacker, Lisk, Aycock, and Kennedy, collectively, are referred to hereinafter as "Respondents".

## CASE INFORMATION

Statement of Claim filed on or about: August 26, 2022.
Amended Statement of Claim filed on or about: January 26, 2024.
Claimants signed the Submission Agreement: August 26, 2022 and February 9, 2024.

Statement of Answer filed by Center Street on or about: November 18, 2022.
Statement of Answer to Amended Statement of Claim filed by Center Street on or about: February 15, 2024.
Center Street signed the Submission Agreement: November 18, 2022.

Statement of Answer to Amended Statement of Claim filed by Thacker, Lisk, and Aycock on or about: March 27, 2024.
Thacker, Lisk, and Aycock signed the Submission Agreement: March 26, 2024.

Statement of Answer to Amended Statement of Claim filed by Romano on or about: April 9, 2024.
Romano signed the Submission Agreement: April 12, 2024.

Statement of Answer to Amended Statement of Claim filed by Lamb on or about: April 11, 2024.
Lamb signed the Submission Agreement: April 10, 2024.

Statement of Answer to Amended Statement of Claim filed by Kennedy on or about: April 16, 2024.
Kennedy signed the Submission Agreement: April 1, 2024.

Statement of Answer to Amended Statement of Claim filed by Rayner on or about: April 11, 2024.
Rayner signed the Submission Agreement: April 10, 2024.

## CASE SUMMARY

In the Statement of Claim, as amended, Claimants asserted the following causes of action: breach of fiduciary duty, violation of FINRA/NYSE Rules, breach of contract and negligence, negligent supervision, violations of the Illinois Securities Law and other securities laws, fraudulent inducement to hold investment, control person / aider and abettor liability under Illinois and federal securities laws, aiding and abetting breach of fiduciary duty. The causes of action related to Claimants' allegation that Respondents mishandled Claimants' assets by failing

to properly allocate and diversify Claimants' investment portfolio. Claimants alleged that Respondents filled their portfolio with unsuitable securities, including various Non-Conventional Investments ("NCIs"), such as unlisted, non-traded real estate investment trusts ("REITs") and other high-commission and high-fee, illiquid, alternative investments such as Business Development Companies ("BDCs") and Limited Partnerships ("LPs"). Further, Claimants alleged that Respondents either failed to conduct adequate due diligence or negligently conducted due diligence on the products recommended to Claimants.

Unless specifically admitted in the Statement of Answer to Amended Statement of Claim, Center Street denied the allegations made in the Amended Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer to Amended Statement of Claim, Thacker, Lisk, and Aycock denied the allegations made in the Amended Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer to Amended Statement of Claim, Romano denied the allegations made in the Amended Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer to Amended Statement of Claim, Lamb denied the allegations made in the Amended Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer to Amended Statement of Claim, Kennedy denied the allegations made in the Amended Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer to Amended Statement of Claim, Rayner denied the allegations made in the Amended Statement of Claim and asserted various affirmative defenses.

## **RELIEF REQUESTED**

In the Statement of Claim, as amended, Claimants requested:

> (a) Actual damages of no less than $200,000.00 as well as damages for the loss of income that would have been received had Claimants' money been managed properly, as well as all other losses, foreseeable or not, that Claimants suffered, including non-pecuniary losses;
> (b) Disgorgement and return of all fees, management charges, and commissions;
> (c) Interest on Claimants' losses at the legal rate;
> (d) Claimants' costs, legal fees, and expenses;
> (e) Rescission and/or statutory damages;
> (f) Punitive damages; and
> (g) Such other and additional damages and relief as may be shown at hearing and which the Panel deems just and equitable.

In the Statement of Answer to Amended Statement of Claim, Center Street requested that the Panel dismiss the claims in their entirety, with prejudice, award it reasonable attorneys' fees, and assess all forum fees against Claimant.

In the Statement of Answer to Amended Statement of Claim, Thacker, Lisk, and Aycock requested that Claimants' claims be denied.

In the Statement of Answer to Amended Statement of Claim, Romano requested that the Panel dismiss Claimants' claims in their entirety with prejudice and such other and further relief as the Panel deems just and proper.

In the Statement of Answer to Amended Statement of Claim, Lamb requested that the Panel dismiss Claimants' claims in their entirety with prejudice and such other and further relief as the Panel deems just and proper.

In the Statement of Answer to Amended Statement of Claim, Rayner requested that the Panel dismiss Claimants' claims in their entirety with prejudice and such other and further relief as the Panel deems just and proper.

In the Statement of Answer to Amended Statement of Claim, Kennedy requested that Claimants take nothing against him, that the Amended Statement of Claim be dismissed in its entirety, and that he be awarded costs of this proceeding, including all reasonable attorneys' fees and other further relief as the Panel deems appropriate.

Rayner (CRD Number 6252596), Lamb (CRD Number 3248356), and Romano (CRD Number 734293) filed a request for expungement of all references to Occurrence Numbers 2359297, 2359284, and 2359312, respectively, from Central Registration Depository ("CRD") registration records. Please see the Other Issues Considered and Decided section of this Award for more information.

At the hearing, Claimants' final compensatory damage request ranged from $303,353.14 to $858,007.00.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On May 4, 2023, Center Street filed a Motion to Dismiss pursuant to Rule 12206 of the Code of Arbitration Procedure ("Code"). On June 5, 2023, Claimants filed a response opposing the Motion to Dismiss. On June 12, 2023, Center Street filed a Reply in Support of the Motion to Dismiss. On August 31, 2023, Center Street withdrew its Motion to Dismiss, without prejudice to its right to raise any eligibility issues under Rule 12206 as a defense at the evidentiary hearing.

On August 30, 2024, Lamb filed a Motion to Dismiss pursuant to Rule 12206 of the Code. On August 30, 2024, Rayner and Romano filed Motions to Dismiss pursuant to Rules 12206 and 12504 of the Code. On August 30, 2024, Kennedy filed a Motion to Dismiss Ineligible Claims pursuant to Rule 12206 of the Code. On August 30, 2024, Thacker, Aycock, and Lisk filed a

Motion to Dismiss pursuant to Rule 12206 of the Code. On September 30, 2024, Claimants filed a response opposing Kennedy, Thacker, Aycock, Lisk, Rayner, Lamb, and Romano's Motions to Dismiss. On October 7, 2024, Rayner, Lamb, and Romano filed a Reply in Support of their Motions to Dismiss. On October 7, 2024, Thacker, Aycock, and Lisk filed a Reply in Support of their Motion to Dismiss. On November 4, 2024, the Panel heard oral arguments on the Motions to Dismiss. In an Order dated November 15, 2024, the Panel denied the Motions to Dismiss without prejudice.

On October 17, 2024, Rayner, Lamb, and Romano filed a Motion for Expungement, to which no response was filed. On November 19, 2024, Rayner, Lamb, and Romano withdrew the request for expungement without prejudice. Therefore, the Panel made no determination with respect to expungement.

On November 12, 2024, Claimants filed a Motion for Sanctions Against Center Street pursuant to Rules 12511 and 12212 of the Code, to which no response was filed.  In an Order dated November 27, 2024, the Panel deferred its ruling on the Motion for Sanctions until the evidentiary hearing.

On December 10, 2024, Claimants filed a notice of voluntary dismissal with prejudice as to Aycock. On December 16, 2024, Claimant filed a notice of voluntary dismissal with prejudice as to Rayner, Lamb, and Romano. Therefore, the Panel made no determination with respect to any of the relief requests contained in the Statement of Claim as to Aycock, Rayner, Lamb, and Romano.

Center Street did not appear at the evidentiary hearing. Upon review of the file, the Panel determined that Center Street received due notice of the hearing and that arbitration of the matter would proceed without Center Street present, in accordance with the Code.

At the hearing, Claimants renewed their Motion for Sanctions against Center Street. On the record at the hearing, the Panel denied the Motion for Sanctions with prejudice.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Center Street, Kennedy, and Thacker are jointly and severally liable for and shall pay to Claimants the sum of $528,570.14 in compensatory damages.

2. Center Street, Kennedy, and Thacker are jointly and severally liable for and shall pay to Claimants interest on the above-stated sum at the rate of 9% per annum from the date of this Award through and including the date that this Award is paid in full.

3. Center Street and Thacker are jointly and severally liable for and shall pay to Claimants the sum of $1,000,000.00 in punitive damages pursuant to *Loitz v. Remington Arms Co.*, 138 Ill. 2d 404 (Ill. 1990).

4.  Kennedy is liable for and shall pay to Claimants the sum of $200,000.00 in punitive damages pursuant to *Loitz v. Remington Arms Co.*, 138 Ill. 2d 404 (Ill. 1990).

5.  Center Street, Thacker, and Kennedy are jointly and severally liable for and shall pay to Claimants the sum of $7,500.00 in costs.

6.  Respondents are liable for and shall pay to Claimants the sum of $300.00 to reimburse Claimant for the non-refundable portion of the filing fee previously paid to FINRA Dispute Resolution Services.

7.  Any and all claims for relief not specifically addressed herein are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

Initial Claim Filing Fee                                              =$    1,425.00

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Center Street is assessed the following:

Member Surcharge                                                     =$    1,700.00
Member Process Fee                                                   =$    3,250.00

### Hearing Session Fees and Assessments
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

One (1) pre-hearing session with a single Arbitrator @ $450.00/session     =$      450.00
Pre-Hearing Conference:   January 24, 2024          1 session

Three (3) pre-hearing sessions with the Panel @ $1,125.00/session         =$    3,375.00
Pre-Hearing Conferences: December 6, 2022           1 session
                         May 20, 2024               1 session
                         November 4, 2024           1 session

Twelve (12) hearing sessions @ $1,125.00/session                         =$   13,500.00
Hearings:                December 16, 2024          2 sessions
                         December 17, 2024          2 sessions
                         December 18, 2024          1 session

FINRA Dispute Resolution Services
Arbitration No.  22-01937
<u>Award Page 7 of 8</u>

| | | |
|---|---|---|
| December 19, 2024 | 2 sessions | |
| December 20, 2024 | 2 sessions | |
| December 23, 2024 | 3 sessions | |

| | | |
|---|---|---|
| Total Hearing Session Fees | =$ | 17,325.00 |

The Panel has assessed $1,125.00 of the hearing session fees jointly and severally to Claimants.

The Panel has assessed $1,012.50 of the hearing session fees to Center Street.

The Panel has assessed $13,500.00 of the hearing session fees jointly and severally to Respondents Center Street, Thacker, and Kennedy.

The Panel has assessed $1687.50 of the hearing session fees jointly and severally to Respondents.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Michael L. Lyons | - | Public Arbitrator, Presiding Chairperson |
| Marjorie Lynn Gold | - | Public Arbitrator |
| Michael Joseph Whealen | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

## Concurring Arbitrators' Signatures

*Michael L. Lyons*                                           01/08/2025
_____                    _____
Michael L. Lyons                                             Signature Date
Public Arbitrator, Presiding Chairperson


*Marjorie Lynn Gold*                                       01/08/2025
_____                    _____
Marjorie Lynn Gold                                          Signature Date
Public Arbitrator


*Michael Joseph Whealen*                             01/08/2025
_____                    _____
Michael Joseph Whealen                                  Signature Date
Public Arbitrator


Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.


January 09, 2025
_____
Date of Service (For FINRA Dispute Resolution Services use only)

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Terry Vaugn and Sharon Vaughn | Center Street Securities, Inc., et al. |

| (b)   County of Residence of First Listed Plaintiff   Adams County, IL | County of Residence of First Listed Defendant   Davidson County, TN |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c)   Attorneys *(Firm Name, Address, and Telephone Number)*<br>LEVIN, PAPANTONIO, PROCTOR, BUCHANAN,<br>O'BRIEN, BARR & MOUGEY, P.A.<br>316 South Baylen Street, Suite 600 | Attorneys *(If Known)* |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
       Plaintiff

☒ 3   Federal Question
       *(U.S. Government Not a Party)*

☐ 2   U.S. Government
       Defendant

☐ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br>**INTELLECTUAL<br>PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>    Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>    (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>    Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>    Act<br>☒ 896 Arbitration<br>☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
       Proceeding

☐ 2   Removed from
       State Court

☐ 3   Remanded from
       Appellate Court

☐ 4   Reinstated or
       Reopened

☐ 5   Transferred from
       Another District
       *(specify)*

☐ 6   Multidistrict
       Litigation -
       Transfer

☐ 8   Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Arbitration Act

Brief description of cause:
Petition to Confirm Arbitration Award

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A **CLASS ACTION**<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $<br>$1,736,370.14 | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ☐ Yes   ☒ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE<br>01/17/2025 | SIGNATURE OF ATTORNEY OF RECORD<br>/s/ Sarah Shoemake Doles |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

JS 44 Reverse

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)    County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)    Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.    Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.    Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.    Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.    Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

Terry Vaughn and
Sharon Vaughn
              ,

       Plaintiff,

          v.

Center Street Securities,
Inc., Jack R. Thacker, and
Jeffrey T. Kennedy
          Defendant,

)
)
)
)
)
)   Case No.
)
)
)
)
)

**ORIGINAL FILING FORM**

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY
WHEN INITIATING A NEW CASE.**

☐    THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____

AND ASSIGNED TO THE HONORABLE JUDGE _____.

☐    THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY

PREVIOUSLY FILED COMPLAINT.  THE RELATED CASE NUMBER IS _____ AND

THAT CASE WAS ASSIGNED TO THE HONORABLE _____.  THIS CASE MAY,

THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☒    NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT

COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE

MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: 01/17/2025 _____        /s/ Sarah Shoemake Doles
                                        Signature of Filing Party

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | |
|---|---|
| Terry and Sharon Vaughn | ) |
| | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| Center Street Securities, Inc., Jack R. Thacker, and | ) |
| Jeffrey T. Kennedy | ) |
| *Defendant* | ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Center Street Securities, Inc.

c/o Donald Pollard, CEO

73 Rockledge Path
Port Jefferson, New York 11777

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Sarah Shoemake Doles
Levin Papantonio, et al.
316 South Baylen Street, Suite 600
Pensacola, FL 32502

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | |
|---|---|
| Terry and Sharon Vaughn | ) |
|  | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No. |
| Center Street Securities, Inc., Jack R. Thacker, and Jeffrey T. Kennedy | ) |
|  | ) |
| _Defendant_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  J.R. Thacker

4332 Pretoria Run, Murfreesboro, TN 37128-4267 and/or

2261 Bullock Hollow Road, Bristol, TN 37620-1135

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Sarah Shoemake Doles
Levin Papantonio, et al.
316 South Baylen Street, Suite 600
Pensacola, FL 32502

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | |
|---|---|
| Terry and Sharon Vaughn | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| Center Street Securities, Inc., Jack R. Thacker, and | ) |
| Jeffrey T. Kennedy | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Jeff Kennedy

1093 County Road 205, Giddings, TX 78942-5726

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Sarah Shoemake Doles
Levin Papantonio, et al.
316 South Baylen Street, Suite 600
Pensacola, FL 32502

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                                                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify)*:

.

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: