# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE (GREENEVILLE)

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JACK ROBERT THACKER, JR., ) | Case No. 2:25-bk-50237-RRM |
| ) | Chapter 11 |
| Debtor. ) | |

## AMENDED MOTION OF TERRY VAUGHN AND SHARON VAUGHN FOR RELIEF FROM AUTOMATIC STAY AND ADEQUATE PROTECTION

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**Notice is hereby given that:**

**A hearing will be held on the Amended Motion of Terry Vaughn and Sharon Vaughn for Relief from Automatic Stay and Adequate Protection on April 29, 2025, at 2:30 p.m. in Bankruptcy Courtroom, James H. Quillen U.S. Courthouse, 220 West Depot Street, Greenville, TN 37743.**

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the Motion for Relief from Automatic Stay and Adequate Protection and may enter an order granting that relief.**

COMES **TERRY VAUGHN** and **SHARON VAUGHN** (hereinafter "Movants") by and through their attorneys, pursuant to Federal Rules of Bankruptcy Procedure 4001 and 9014, E.D. LBR 4001-1(a) and 9013-1, and 11 U.S.C. § 362, and says as follows:

1. This Court has jurisdiction and authority to determine this matter pursuant to the aforesaid rules and statutes.

2. On or about August 26, 2022, Movants filed a Financial Industry Regulatory Authority ("FINRA") Arbitration Statement of Claim against Center Street Securities, Inc. which was subsequently Amended to include Debtor, Micah Harding Rayner, Thomas Lisk, Jason Lamb, Billy James Aycock, Anthony Michael Romano, and Jeffrey T. Kennedy (collectively with Debtor

"FINRA Respondents").

3. Movants allege the FINRA Respondents mishandled Movants' assets by failing to properly allocate and diversify Movants' investment portfolio. See attached FINRA Dispute Resolution Services Award as **Exhibit A**, asserting causes of action for securities fraud, breach of fiduciary duty, violation of FINRA/NYSE Rules, breach of contract and negligence, negligent supervision, fraudulent inducement to hold investment, and aiding and abetting breach of fiduciary duty.

4. On or about January 8, 2025, after twelve arbitration hearing sessions held over six days during which the parties had an opportunity to call and cross-examine witnesses, the FINRA Dispute Resolution Services Arbitration Panel unanimously determined Movants were entitled to an award of $1,528,570.00 against the Debtor.

5. On or about January 17, 2025, Movants filed a Petition to Confirm the Arbitration Award in the Eastern District of Missouri. Debtor was served with the Petition to Confirm on February 8, 2025. Debtor's Answer and Response to the Petition was due on March 3, 2025. Debtor defaulted in that matter as he did not file any Answer or Response to the Petition to Confirm by the March 3, 2025 deadline.

6. On or about March 6, 2025 (hereinafter "Petition Date"), before Movants could complete confirmation of FINRA Dispute Resolution Services' Award in the United States District Court for the Eastern District of Missouri, Debtor filed a voluntary Chapter 11, Subchapter V petition with this Court. A copy of Movants' Petition to Confirm Arbitration Award is attached hereto and incorporated herein as **Exhibit B**.

7. Due to the imposition of the automatic stay occasioned by the Debtor's voluntary petition for bankruptcy relief, the United States District Court for the Eastern District of Missouri

is unable to proceed with confirmation of Movants' final arbitration award against Debtor.

8. Movants seek relief from the automatic stay pursuant to 11 U.S.C. § 362 to confirm FINRA Dispute Resolution Services' Award in the United States District Court for the Eastern District of Missouri, which is necessary to confirm the amount of Movants' claim against Debtor's estate.

9. The Movants allege and aver that both the stay of any act against any property of the estate and the stay of any other act against the Debtor imposed by 11 U.S.C. § 362(a) should be modified, or terminated FOR CAUSE, including the lack of adequate protection of an interest of the Movants pursuant to 11 U.S.C. § 361 due to the fact that the Movants have expended significant time, money, and preparation to proceed with the FINRA Arbitration Proceedings and which, on information and belief, the parties can expect confirmation with minimal time and expense to finalize a determination of rights, claims, and interest pertaining to Movants' claims that have been fully adjudicated and resolved and that should be relevant and binding in this bankruptcy proceeding under applicable law for confirmation of Movant's liquidated claim. **The request by Movants for Adequate Protection of their interests under 11 U.S.C. § 361 is intended only to obtain stay relief to proceed with the pending Petition to Confirm Arbitration, but not any collection or enforcement action against the Debtor outside of the pending bankruptcy case.**

10. Typically, the decision whether or not to lift the automatic stay resides within the sound discretion of the Bankruptcy Court. *See* Laguna Assocs. Ltd. Partnership v. Aetna Cas. & Sur. Co., 30 F.3d 734, 737 (6th Cir. 1994). The Bankruptcy Code provides that the Bankruptcy Court may grant relief from the automatic stay FOR CAUSE pursuant to 11 U.S.C. § 362(d)(1).

11. With respect to arbitration proceedings, however, courts are bound to honor and

enforce arbitration agreements. *See* Javitch v. First Union Sec., Inc., 315 F.3d 619, 624 (6th Cir. 2003) ("the FAA 'is at bottom a policy guaranteeing the enforcement of private contractual arrangements'"); In re Beckemeyer, 206 B.R. 466, 468 (Bankr. W.D. Tenn. 1997) ("this court is bound by the Arbitration Act, which requires this court to abide by the executed arbitration agreement"). Courts in this district have regularly allowed arbitrations to proceed despite the existence of bankruptcy proceedings involving the debtor. *See, e.g.,* Goldstein v. PAS-COY, LLC, No. 3:15-CV-488-TAV-HBG, 2016 U.S. Dist. LEXIS 61059, *4 (Bankr. E.D. Tenn. April 13, 2016) ("The movant correctly argues that courts in this district have applied the Federal Arbitration Act to stay judicial proceedings and compel arbitration under circumstances similar to those present in this case."); In re Great Spa Mfg. Co., Inc., No. 08-52293, 2009 Bankr. LEXIS 5568, 2009 WL 1457740, at *1 (Bankr. E.D. Tenn. May 22, 2009) (compelling arbitration); and In re No Place Like Home, Inc., 559 B.R. 863 (Bankr. W.D. Tenn. Oct. 27, 2016).

12.     Arbitration awards are heavily favored, and confirmation proceedings are considered summary proceedings with arbitration awards presumptively subject to confirmation. Wachovia Sec., Inc. v. Gangale, 125 F. App'x 671, 676–77 (6th Cir. 2005) ("Thus, the plain language of the Federal Arbitration Act presumes that arbitration awards will be confirmed, and our limited role in confirming an arbitration award under the Federal Arbitration Act is well settled. The parties have contracted for a decision by arbitrators, not the Court."); Booth v. Hume Pub., Inc., 902 F.2d 925, 932-33 (11th Cir. 1990) ("Most importantly, the Federal Arbitration Act expresses a **presumption that arbitration awards will be confirmed**. Section 9 of the Act provides that if the parties have agreed to judicial confirmation of the award, then 'the ***court must grant such an order*** [confirming the award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.") (citations omitted, italics and brackets in original,

bold emphasis added).

13.     Movants respectfully contend and request that this Honorable Court modify or annul the automatic stay as requested herein based on a variety of factors, including judicial economy, substantial completion of the Petition to Confirm Arbitration Award proceedings, and the impact of duplicative costs and burdens on both the litigants and the bankruptcy estate. The Movants reserve the right to file a supporting brief or other authorities to support its position as may be permitted by this Court.

**WHEREFORE,** Movants jointly and severally pray that they be granted relief from the automatic stay FOR CAUSE pursuant to 11 U.S.C. § 362(d)(1) to allow the Movants to (1) proceed with the Petition to Confirm Arbitration Award involving the Debtor and any other parties thereto and to allow Movants to finalize the final award, but not enforcement of any final award pending further Orders of this Court; (2) to provide said Stay Relief to be immediately enforceable upon entry pursuant to FRBP 4001(a)(4); and, (3) for such other and further relief as to which the Movants may be entitled, including adequate protection of Movants' respective rights and interest pursuant to 11 U.S.C. § 361 to protect their Arbitration and other contract rights, all such rights of Movants being reserved as stated herein.

This the 4th day of April, 2025.

**TERRY VAUGHN and SHARON VAUGHN**

By:____/s/ Anthony R. Steele____
Walter N. Winchester, BPR #014530
Anthony R. Steele, BPR #016303
Attorneys for Terry Vaughn and Sharon Vaughn
Winchester, Sellers, Foster & Steele, P.C.
P.O. Box 2428
Knoxville, TN  37901-2428
Phone: (865) 637-1980
Email: wwinchester@wsfs-law.com
Email: asteele@wsfs-law.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and accurate copy of the foregoing Amended Motion for Relief, Exhibits and Proposed Order has been sent electronically to:

Tiffany Diiorio, Tiffany.Diiorio@usdoj.gov, Trustee;
Maurice K. Guinn, mkg@tennlaw.com, Attorney for Debtor;
M. Aaron Spencer, aspencer@wmbac.com, Trustee;

and by United States mail to the Debtor, Jack Robert Thacker, Jr., 2261 Bullock Hollow Road, Bristol, TN  37620, with sufficient postage thereupon to carry same to its destination, this the 4th day of April, 2025.

Winchester, Sellers, Foster & Steele, P.C.

By:     /s/ Anthony R. Steele
        Anthony R. Steele, Attorney