**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

| | |
|---|---|
| <u>Claimants</u><br>Terry and Sharon Vaughn | <u>Case Number</u>: 22-01937 |
| vs. | |
| <u>Respondents</u><br>Center Street Securities, Inc.,<br>Jack Robert Thacker, Jr.,<br>Micah Harding Rayner,<br>Thomas Lisk,<br>Jason Lamb,<br>Billy James Aycock,<br>Michael Anthony Romano, and<br>Jeffrey T. Kennedy | <u>Hearing Site</u>: St. Louis, Missouri |

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Customers vs. Member and Associated Persons

This case was decided by an all-public panel.

The evidentiary hearing was conducted by videoconference.

## REPRESENTATION OF PARTIES

For Claimants Terry and Sharon Vaughn ("Claimants"): Michael C. Bixby, Esq., Bixby Law PLLC, Pensacola, Florida.

Respondent Center Street Securities, Inc. ("Center Street") was represented by counsel until April 10, 2024, on which date, Center Street's counsel filed a Notice of Withdrawal.

For Respondents Micah Harding Rayner ("Rayner"), Jason Lamb ("Lamb"), and Michael Anthony Romano ("Romano"): James L. Kopecky, Esq., Kopecky Schumacher Rosenburg LLC, Chicago, Illinois.

Respondent Jack Robert Thacker, Jr. ("Thacker") was represented by counsel until December 5, 2024. Thereafter, Thacker appeared pro se.

Respondent Thomas Lisk ("Lisk") was represented by counsel until December 5, 2024. Thereafter, Lisk appeared pro se.

Respondent Billy James Aycock ("Aycock") was represented by counsel until December 5, 2024. Thereafter, Aycock appeared pro se.

Respondent Jeffrey T. Kennedy ("Kennedy") was represented by counsel until December 6, 2024. Thereafter, Kennedy appeared pro se.

Center Street, Rayner, Lamb, Romano, Thacker, Lisk, Aycock, and Kennedy, collectively, are referred to hereinafter as "Respondents".

## CASE INFORMATION

Statement of Claim filed on or about: August 26, 2022.
Amended Statement of Claim filed on or about: January 26, 2024.
Claimants signed the Submission Agreement: August 26, 2022 and February 9, 2024.

Statement of Answer filed by Center Street on or about: November 18, 2022.
Statement of Answer to Amended Statement of Claim filed by Center Street on or about: February 15, 2024.
Center Street signed the Submission Agreement: November 18, 2022.

Statement of Answer to Amended Statement of Claim filed by Thacker, Lisk, and Aycock on or about: March 27, 2024.
Thacker, Lisk, and Aycock signed the Submission Agreement: March 26, 2024.

Statement of Answer to Amended Statement of Claim filed by Romano on or about: April 9, 2024.
Romano signed the Submission Agreement: April 12, 2024.

Statement of Answer to Amended Statement of Claim filed by Lamb on or about: April 11, 2024.
Lamb signed the Submission Agreement: April 10, 2024.

Statement of Answer to Amended Statement of Claim filed by Kennedy on or about: April 16, 2024.
Kennedy signed the Submission Agreement: April 1, 2024.

Statement of Answer to Amended Statement of Claim filed by Rayner on or about: April 11, 2024.
Rayner signed the Submission Agreement: April 10, 2024.

## CASE SUMMARY

In the Statement of Claim, as amended, Claimants asserted the following causes of action: breach of fiduciary duty, violation of FINRA/NYSE Rules, breach of contract and negligence, negligent supervision, violations of the Illinois Securities Law and other securities laws, fraudulent inducement to hold investment, control person / aider and abettor liability under Illinois and federal securities laws, aiding and abetting breach of fiduciary duty. The causes of action related to Claimants' allegation that Respondents mishandled Claimants' assets by failing

to properly allocate and diversify Claimants' investment portfolio. Claimants alleged that Respondents filled their portfolio with unsuitable securities, including various Non-Conventional Investments ("NCIs"), such as unlisted, non-traded real estate investment trusts ("REITs") and other high-commission and high-fee, illiquid, alternative investments such as Business Development Companies ("BDCs") and Limited Partnerships ("LPs"). Further, Claimants alleged that Respondents either failed to conduct adequate due diligence or negligently conducted due diligence on the products recommended to Claimants.

Unless specifically admitted in the Statement of Answer to Amended Statement of Claim, Center Street denied the allegations made in the Amended Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer to Amended Statement of Claim, Thacker, Lisk, and Aycock denied the allegations made in the Amended Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer to Amended Statement of Claim, Romano denied the allegations made in the Amended Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer to Amended Statement of Claim, Lamb denied the allegations made in the Amended Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer to Amended Statement of Claim, Kennedy denied the allegations made in the Amended Statement of Claim and asserted various affirmative defenses.

Unless specifically admitted in the Statement of Answer to Amended Statement of Claim, Rayner denied the allegations made in the Amended Statement of Claim and asserted various affirmative defenses.

## **RELIEF REQUESTED**

In the Statement of Claim, as amended, Claimants requested:

(a) Actual damages of no less than $200,000.00 as well as damages for the loss of income that would have been received had Claimants' money been managed properly, as well as all other losses, foreseeable or not, that Claimants suffered, including non-pecuniary losses;
(b) Disgorgement and return of all fees, management charges, and commissions;
(c) Interest on Claimants' losses at the legal rate;
(d) Claimants' costs, legal fees, and expenses;
(e) Rescission and/or statutory damages;
(f) Punitive damages; and
(g) Such other and additional damages and relief as may be shown at hearing and which the Panel deems just and equitable.

In the Statement of Answer to Amended Statement of Claim, Center Street requested that the Panel dismiss the claims in their entirety, with prejudice, award it reasonable attorneys' fees, and assess all forum fees against Claimant.

In the Statement of Answer to Amended Statement of Claim, Thacker, Lisk, and Aycock requested that Claimants' claims be denied.

In the Statement of Answer to Amended Statement of Claim, Romano requested that the Panel dismiss Claimants' claims in their entirety with prejudice and such other and further relief as the Panel deems just and proper.

In the Statement of Answer to Amended Statement of Claim, Lamb requested that the Panel dismiss Claimants' claims in their entirety with prejudice and such other and further relief as the Panel deems just and proper.

In the Statement of Answer to Amended Statement of Claim, Rayner requested that the Panel dismiss Claimants' claims in their entirety with prejudice and such other and further relief as the Panel deems just and proper.

In the Statement of Answer to Amended Statement of Claim, Kennedy requested that Claimants take nothing against him, that the Amended Statement of Claim be dismissed in its entirety, and that he be awarded costs of this proceeding, including all reasonable attorneys' fees and other further relief as the Panel deems appropriate.

Rayner (CRD Number 6252596), Lamb (CRD Number 3248356), and Romano (CRD Number 734293) filed a request for expungement of all references to Occurrence Numbers 2359297, 2359284, and 2359312, respectively, from Central Registration Depository ("CRD") registration records. Please see the Other Issues Considered and Decided section of this Award for more information.

At the hearing, Claimants' final compensatory damage request ranged from $303,353.14 to $858,007.00.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On May 4, 2023, Center Street filed a Motion to Dismiss pursuant to Rule 12206 of the Code of Arbitration Procedure ("Code"). On June 5, 2023, Claimants filed a response opposing the Motion to Dismiss. On June 12, 2023, Center Street filed a Reply in Support of the Motion to Dismiss. On August 31, 2023, Center Street withdrew its Motion to Dismiss, without prejudice to its right to raise any eligibility issues under Rule 12206 as a defense at the evidentiary hearing.

On August 30, 2024, Lamb filed a Motion to Dismiss pursuant to Rule 12206 of the Code. On August 30, 2024, Rayner and Romano filed Motions to Dismiss pursuant to Rules 12206 and 12504 of the Code. On August 30, 2024, Kennedy filed a Motion to Dismiss Ineligible Claims pursuant to Rule 12206 of the Code. On August 30, 2024, Thacker, Aycock, and Lisk filed a

Motion to Dismiss pursuant to Rule 12206 of the Code. On September 30, 2024, Claimants filed a response opposing Kennedy, Thacker, Aycock, Lisk, Rayner, Lamb, and Romano's Motions to Dismiss. On October 7, 2024, Rayner, Lamb, and Romano filed a Reply in Support of their Motions to Dismiss. On October 7, 2024, Thacker, Aycock, and Lisk filed a Reply in Support of their Motion to Dismiss. On November 4, 2024, the Panel heard oral arguments on the Motions to Dismiss. In an Order dated November 15, 2024, the Panel denied the Motions to Dismiss without prejudice.

On October 17, 2024, Rayner, Lamb, and Romano filed a Motion for Expungement, to which no response was filed. On November 19, 2024, Rayner, Lamb, and Romano withdrew the request for expungement without prejudice. Therefore, the Panel made no determination with respect to expungement.

On November 12, 2024, Claimants filed a Motion for Sanctions Against Center Street pursuant to Rules 12511 and 12212 of the Code, to which no response was filed. In an Order dated November 27, 2024, the Panel deferred its ruling on the Motion for Sanctions until the evidentiary hearing.

On December 10, 2024, Claimants filed a notice of voluntary dismissal with prejudice as to Aycock. On December 16, 2024, Claimant filed a notice of voluntary dismissal with prejudice as to Rayner, Lamb, and Romano. Therefore, the Panel made no determination with respect to any of the relief requests contained in the Statement of Claim as to Aycock, Rayner, Lamb, and Romano.

Center Street did not appear at the evidentiary hearing. Upon review of the file, the Panel determined that Center Street received due notice of the hearing and that arbitration of the matter would proceed without Center Street present, in accordance with the Code.

At the hearing, Claimants renewed their Motion for Sanctions against Center Street. On the record at the hearing, the Panel denied the Motion for Sanctions with prejudice.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Center Street, Kennedy, and Thacker are jointly and severally liable for and shall pay to Claimants the sum of $528,570.14 in compensatory damages.

2. Center Street, Kennedy, and Thacker are jointly and severally liable for and shall pay to Claimants interest on the above-stated sum at the rate of 9% per annum from the date of this Award through and including the date that this Award is paid in full.

3. Center Street and Thacker are jointly and severally liable for and shall pay to Claimants the sum of $1,000,000.00 in punitive damages pursuant to *Loitz v. Remington Arms Co.*, 138 Ill. 2d 404 (Ill. 1990).

4. Kennedy is liable for and shall pay to Claimants the sum of $200,000.00 in punitive damages pursuant to *Loitz v. Remington Arms Co.*, 138 Ill. 2d 404 (Ill. 1990).

5. Center Street, Thacker, and Kennedy are jointly and severally liable for and shall pay to Claimants the sum of $7,500.00 in costs.

6. Respondents are liable for and shall pay to Claimants the sum of $300.00 to reimburse Claimant for the non-refundable portion of the filing fee previously paid to FINRA Dispute Resolution Services.

7. Any and all claims for relief not specifically addressed herein are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | |
|---|---|
| Initial Claim Filing Fee | =$   1,425.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Center Street is assessed the following:

| | |
|---|---|
| Member Surcharge | =$   1,700.00 |
| Member Process Fee | =$   3,250.00 |

### Hearing Session Fees and Assessments
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

One (1) pre-hearing session with a single Arbitrator @ $450.00/session     =$      450.00
Pre-Hearing Conference:   January 24, 2024          1 session

Three (3) pre-hearing sessions with the Panel @ $1,125.00/session     =$   3,375.00
Pre-Hearing Conferences:  December 6, 2022       1 session
                          May 20, 2024           1 session
                          November 4, 2024       1 session

Twelve (12) hearing sessions @ $1,125.00/session     =$  13,500.00
Hearings:         December 16, 2024    2 sessions
                  December 17, 2024    2 sessions
                  December 18, 2024    1 session

| | December 19, 2024 | 2 sessions | |
| | December 20, 2024 | 2 sessions | |
| | December 23, 2024 | 3 sessions | |
| Total Hearing Session Fees | | =$ | 17,325.00 |

The Panel has assessed $1,125.00 of the hearing session fees jointly and severally to Claimants.

The Panel has assessed $1,012.50 of the hearing session fees to Center Street.

The Panel has assessed $13,500.00 of the hearing session fees jointly and severally to Respondents Center Street, Thacker, and Kennedy.

The Panel has assessed $1687.50 of the hearing session fees jointly and severally to Respondents.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Michael L. Lyons | - | Public Arbitrator, Presiding Chairperson |
| Marjorie Lynn Gold | - | Public Arbitrator |
| Michael Joseph Whealen | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**Concurring Arbitrators' Signatures**

*Michael L. Lyons*                                    01/08/2025
Michael L. Lyons                                      Signature Date
Public Arbitrator, Presiding Chairperson


*Marjorie Lynn Gold*                                  01/08/2025
Marjorie Lynn Gold                                    Signature Date
Public Arbitrator


*Michael Joseph Whealen*                              01/08/2025
Michael Joseph Whealen                                Signature Date
Public Arbitrator


Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

January 09, 2025
Date of Service (For FINRA Dispute Resolution Services use only)