**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE (GREENEVILLE)**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JACK ROBERT THACKER, JR., | )  Case No. 2:25-bk-50237-RRM |
| | )  Chapter 11 |
| Debtor. | ) |

**TERRY VAUGHN AND SHARON VAUGHN'S REPLY TO DEBTOR'S RESPONSE TO TERRY VAUGHN AND SHARON VAUGHN'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND ADEQUATE PROTECTION**

COME **TERRY VAUGHN** and **SHARON VAUGHN** (hereinafter "Movants") by and through their attorneys, and for their Reply to Debtor's Response [Doc. 82] to Amended Motion of Terry Vaughn and Sharon Vaughn for Relief from the Automatic Stay and Adequate Protection ("Response"), would show unto the Court as follows:

**INTRODUCTION**

The Amended Motion for Relief from Automatic Stay and Adequate Protection [Doc. 68] (hereinafter "Motion") filed by Movants on April 4, 2025, should be granted to permit Movants to (1) proceed with the Petition to Confirm Arbitration Award involving the Debtor and any other parties thereto and to allow Movants to conclude the final award, but not pursue enforcement of any final award pending further Orders of this Court; (2) to provide said Stay Relief to be immediately enforceable upon entry pursuant to FRBP 4001(a)(4); and (3) for such other and further relief as to which the Movants may be entitled, including adequate protection of Movants' respective rights and interest pursuant to 11 U.S.C. § 361 to protect their Arbitration and other contract rights, all such rights of Movants being reserved as stated in its Motion. [Doc. 68 at 5]. Rather than granting the Movants' Motion, Debtor believes Movants should file their Proof of Claim because "it is in the best economic interest of the bankruptcy estate, creditors, and the Debtor" [Doc. 82 at 1], and pursuing confirmation of an award outside of this bankruptcy "would

be devastating to the bankruptcy estate." [Doc. 82 at 6]. Debtor's exclusive reliance on the fifth *Garzoni* factor presents a weak and narrow basis for his position. Movants respectfully request that this Court modify the automatic stay to permit them to proceed with confirmation of the FINRA Arbitration Award.

## ARGUMENT

The Sixth Circuit Bankruptcy Appellate Panel recently addressed the propriety of the bankruptcy court's modification of the automatic stay to permit a district court to adjudicate a request for injunctive relief sought in a prepetition case in *In re Hornback*, 2021 WL 5320418. While *In re Hornback* discusses modification of the automatic stay for purposes of seeking injunctive relief in district court, the BAP importantly noted "[t]he decision on whether to lift the automatic stay resides within the sound discretion of the bankruptcy court" and the following *Garzoni* factors must be reviewed: (1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors. *In re Hornback*, No. 21-8006, 2021 WL 5320418 (B.A.P. 6th Cir. Nov. 16, 2021)(quoting *Garzoni v. K-Mart Corp.* (*In re Garzoni*) 35 F. App'x 179, 181 (6th Cir. 2002)).

## I. JUDICIAL ECONOMY

Judicial economy concerns the time and energy another court has already spent on the proceedings. *In re Hornback*, 2021 WL 5320418, at *3. Additionally, "the further along the litigation, the more unfair it is to force the plaintiff suing the debtor-defendant to duplicate all of its efforts in the bankruptcy court." *Id*. at *4 (citing *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 737 (7th Cir. 1991)).

Movants agree with Debtor that judicial economy is not an issue. After filing their Financial Industry Regulatory Authority ("FINRA") Arbitration Statement of Claim against Debtor, among others, and engaging in twelve arbitration hearing sessions where parties had the opportunity to call and cross-examine witnesses, the FINRA Dispute Resolution Services Arbitration Panel unanimously determined Movants were entitled to an award of $1,528,570.00 against Debtor. Movants would not need to re-litigate or duplicate any efforts in bankruptcy court. Rather, Movants are solely seeking to confirm their award in the Eastern District of Missouri. [Doc. 68 at 1-2]. It is noteworthy that the perfunctory confirmation by the Eastern District of Missouri is in its final stage, with minimal proceedings remaining to confirm the arbitration award. See Joint Scheduling Order attached as **Exhibit A**, Doc 15, 4:25-CV-00078 U.S. District Court, Eastern District of Missouri[1]. See Doc 20 attached as **Exhibit B**, 4:25-CV-00078 U.S. District Court, Eastern District of Missouri.[2] Therefore, because the matter was fully litigated and the record has been closed in the FINRA proceedings, judicial economy weighs in favor of allowing the Eastern District of Missouri to confirm the Arbitration Award afforded to Movants.

## II. TRIAL READINESS

The second factor, trial readiness, emphasizes that parties in litigation are further along and are more prepared to go to trial. *In re Garzoni*, 35 F. App'x at 181. As stated previously, the FINRA Dispute Resolution Services Arbitration Panel unanimously determined Movants were entitled to an award of $1,528,570.00 against Debtor. No further discovery or testimony is required. Thus,

---

[1] The Joint Report filed on April 3, 2025, outlines the expedient nature of the district court case, specifically stating, (1) "the parties do not believe any discovery will be necessary in this matter given the nature of the proceeding;" (2) "the parties do not believe a formal trial is necessary;" (3) the parties believe that the matters could be resolved on the papers or briefing or the scheduling of a brief hearing." [Doc. 15].
[2] The Court ordered [Doc. 20] on April 10, 2025, a written status report detailing how Movants wish to proceed with the confirmation.

trial readiness weighs entirely in favor of the propriety of stay relief to allow the Eastern District of Missouri to confirm the Arbitration Award afforded to Movants.

### III. RESOLUTION OF PRELIMINARY BANKRUPTCY ISSUES

The third factor, which concerns the procedural posture of a bankruptcy case, examines whether preliminary bankruptcy issues have been resolved. *In re Teal Props., Inc.*, No. 4:22-BK-12203 NWW, 2023 WL 6150313 at *3 (Bankr. E.D. Tenn. Sept. 20, 2023)(examples including "determining whether there are assets for distribution and whether a creditor files a proof of claim").

Here, assets exist. Also, Movants intend to file their Proof of Claim and to amend their Claim from time to time as they seek satisfaction of any amount of this Claim where a jointly liable Co-Respondent of the Debtor receives credit. For purposes of their motion and lifting the stay, Movants simply seek to finalize their claim through the district court proceedings. Debtor argues that "[c]entralization of the claims resolution in this Court is in the best economic interest of the bankruptcy estate, creditors, and the Debtor." [Doc. 82 at 1]. However, if Movants are permitted to finalize the FINRA Award, Debtor would avoid the cost and time of objecting to Movants' claim for it being incomplete or unfinalized. This factor is neutral relative to the propriety of stay relief to allow the Eastern District of Missouri to confirm the Arbitration Award afforded to Movants.

### IV. CREDITOR'S CHANCE OF SUCCESS ON THE MERITS

The fourth factor questions a movant's likelihood of success on the merits in the state court action. *In re Garzoni*, 35 F. App'x at 181. Here, Movants' claims against Debtor were determined and FINRA issued a final award. In other words, Movants were already successful once FINRA heard all of the testimony and discovery put forth. Therefore, because the Movants were awarded $1,528,570.00 in arbitration after FINRA heard the discovery and testimony, the creditor's chance

of success on the merits weighs entirely in favor of allowing the Eastern District of Missouri to confirm the Arbitration Award afforded to Movants.

**V. COST OF DEFENSE OR OTHER POTENTIAL BURDEN TO THE BANKRUPTCY ESTATE AND THE IMPACT OF LITIGATION ON OTHER CREDITORS**

The fifth factor, which Debtor solely relies upon in his Response, weighs the cost of defense or other potential burden to the bankruptcy estate and the impact of litigation on creditors. *In re Garzoni*, 35 F. App'x at 181; *In re Motil*, 2022 WL 4073666 at *3. Importantly, courts have determined that the mere cost of defense is an insufficient basis to deny stay relief. *In re Wolsonovich*, No. CV 19-06136-JW, 2020 WL 5607738, at *5 (Bankr. D.S.C. Apr. 1, 2020)(citing *In re Wiley*, 288 B.R. 818, 823 (B.A.P. 8th Cir. 2003); *In re Peterson*, 116 B.R. 247, 250 (D. Colo. 1990); *In re Tricare Rehab. Sys., Inc.*, 181 B.R. 569, 575 (Bankr. N.D. Ala. 1994); *In re Anton*, 145 B.R. 767, 770 (Bankr. E.D.N.Y. 1992); *In re Horn*, No. 12-50207, 2012 WL 1978287, at *3 (Bankr. M.D.N.C. June 1, 2012).

Here, Debtor argues that "the cost of defending in the Vaughns' district court case is a cost the estate should not have to incur" because "[t]he cost of defending 14 other FINRA proceedings would be devastating to the bankruptcy estate." [Doc. 82 at 6]. Debtor continues by arguing "the estate funds will be greatly reduced, if not exhausted, if the estate must hire attorneys to defend the 14 remaining FINRA proceedings" and "[c]laimants may easily and inexpensively file Proofs of Claim in the case." [Doc. 82 at 7].

First, Debtor's assertion that he would incur more costs that would be "devastating to the bankruptcy estate" to defend Movants' district court case is unfounded. FINRA has already made its decision. Movants are not seeking to re-litigate the issue. Rather, they seek the perfunctory confirmation afforded pursuant to § 9 of the Federal Arbitration Act. Second, the bankruptcy estate would only incur more costs if it sought to raise defenses in the district court case. This effort

5

would be futile, though, because all proof was put forth in arbitration, and Movants' petition in district court is only a procedural step to confirm the award. Third, Debtor relies on *In Re Teal Properties*, 2023 WL 6150313 (Bankr. E.D. Tenn. Sept. 2003, where the five *Garzoni* factors were considered. While Debtor correctly points out that Judge Whittenburg determined that granting stay relief would hamper the Debtors' efforts to reorganize, Debtor fails to highlight important facts in that case, specifically: the Debtor "successfully confirmed plans that provide[d] for the full payment of all allowed claims" and "all ha[d] gone according to the confirmed plans." *Id.* at *4. It is clear that the bankruptcy case in *In re Teal Properties, Inc.* was farther along than this proceeding. It is also clear and distinguishing that the litigation sought to be pursued outside the bankruptcy in *In re Teal Properties* was nearer to its beginning than its end.

Therefore, because the matter was fully litigated, the record has been closed in the FINRA proceedings, and the district court proceeding has progressed to the precipice of confirmation of the Arbitration Award, the fifth factor weighs heavily in favor of allowing the Eastern District of Missouri to confirm the Arbitration Award afforded to Movants.

## **CONCLUSION**

For the reasons set forth herein, Movants respectfully request relief from the automatic stay to permit Movants to (1) proceed with the Petition to Confirm Arbitration Award involving the Debtor and any other parties thereto and to allow Movants to finalize the final award, but not enforcement of any final award pending further Orders of this Court; (2) to provide said Stay Relief to be immediately enforceable upon entry pursuant to FRBP 4001(a)(4); and (3) for such other and further relief as to which the Movants may be entitled, including adequate protection of Movants' respective rights and interest pursuant to 11 U.S.C. § 361 to protect their Arbitration and other contract rights, all such rights of Movants being reserved as stated in its Motion.

This the 28th day of April 2025.

**TERRY VAUGHN and SHARON VAUGHN**

By:____/s/ Anthony R. Steele_____
Walter N. Winchester, BPR #014530
Anthony R. Steele, BPR #016303
Attorneys for Terry Vaughn and Sharon Vaughn
Winchester, Sellers, Foster & Steele, P.C.
P.O. Box 2428
Knoxville, TN  37901-2428
Phone: (865) 637-1980
Email: wwinchester@wsfs-law.com
Email: asteele@wsfs-law.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and accurate copy of the foregoing Reply to Debtor's Response and Exhibits has been sent electronically to:

Tiffany Diiorio, Tiffany.Diiorio@usdoj.gov, Trustee;
Maurice K. Guinn, mkg@tennlaw.com, Attorney for Debtor;
M. Aaron Spencer, aspencer@wmbac.com, Trustee;

and by United States mail to the Debtor, Jack Robert Thacker, Jr., 2261 Bullock Hollow Road, Bristol, TN  37620, with sufficient postage thereupon to carry same to its destination, this the 28th day of April, 2025.

Winchester, Sellers, Foster & Steele, P.C.

By: _____/s/ Anthony R. Steele_____
Anthony R. Steele, Attorney